## COMMONWEALTH vs. FREDERICK H. BISCH.

Middlesex. November 22. — 25, 1887. DEVENS & W. ALLEN, JJ.,
absent.

The copy of the record of a trial justice in a criminal case, transmitted to the Superior Court, recited that the defendant was adjudged guilty, and appealed to the term of the Superior Court next to be held for the county, and was ordered to recognize to appear and prosecute his appeal. It did not state that the defendant recognized, but it was accompanied by a copy of the recognizance entered into by the defendant. *Held*, that it sufficiently appeared that the appeal was perfected by a recognizance; and that the Superior Court had jurisdiction of the case.

Under the Pub. Sts. c. 155, § 58, providing for an appeal from the sentence of a trial justice to the Superior Court, and that the appellant shall be committed "until he recognizes to the Commonwealth in such reasonable sum and with such sureties as the justice requires," the magistrate has the right in his discretion to accept as sufficient a recognizance with one surety.

The copy of the record of a trial justice in a criminal case, transmitted to the Superior Court, recited that the defendant was adjudged guilty and sentenced on November 22, 1886, from which sentence he appealed to the Superior Court next to be held at C. in and for said county, on the second Monday of February, 1886. *Held*, that the error in the second date furnished no ground for quashing the complaint or for an arrest of judgment.

COMPLAINT to a trial justice, for keeping and maintaining a certain common nuisance, to wit, a tenement in Natick, used for the illegal sale and illegal keeping for sale of intoxicating liquors, on October 1, 1886, and on divers other days and times between that day and November 20, 1886.

The record showed that the defendant was arrested and brought before the trial justice, and pleaded not guilty; that he was adjudged guilty and sentenced on November 22, 1886; from which sentence he appealed " to the Superior Court next to be held at Cambridge in and for said county, on the second Monday of February, A. D. 1886," and was ordered to recognize to appear and prosecute his appeal. A copy of the recognizance, entered into by the defendant with one surety, accompanied the copy of the record transmitted by the trial justice to the Superior Court.

In the Superior Court, on appeal, before the jury were empanelled, the defendant moved to quash the complaint, for the following reason : " The complaint is not lawfully before this

court, no recognizance, as required by statute, having been given before the magistrate upon the alleged appeal; and this court has no jurisdiction of the complaint nor of the defendant."

*Bacon,* J., overruled this motion; and, at the trial, the jury returned a verdict of guilty.

The defendant, after verdict and before judgment, moved that judgment be arrested, for the following reasons : " 1. Because the recognizance and the copy of the record transmitted are inconsistent and contradictory. 2. Because it does not appear from the record whether the defendant recognized as ordered, or was ordered to be committed, &c. 3. Because it does not appear that this court had any jurisdiction in the premises."

This motion was overruled; and the defendant alleged exceptions.

*J. L. Eldridge,* for the defendant.

*A. J. Waterman,* Attorney General, for the Commonwealth.

MORTON, C. J. The motion to quash and the motion in arrest of judgment were properly overruled. There are no such errors in the record of the magistrate as show that the Superior Court had not jurisdiction of the case. The record shows that the defendant, being convicted, appealed to the term of the Superior Court next to be held for the county, and was ordered to recognize. It does not formally state that the defendant recognized, but the magistrate transmitted to the Superior Court a copy of his record, accompanied by the recognizance actually entered into by the defendant. This sufficiently shows that the appeal was perfected by a recognizance, and that the Superior Court had jurisdiction. Under the Pub. Sts. c. 155, § 58, the magistrate has the right in his discretion to accept as sufficient a recognizance with one surety.

The defendant was sentenced on November 22, 1886 ; the record recites that he appealed " to the Superior Court next to be held at Cambridge in and for said county, on the second Monday of February, A. D. 1886." The date 1886 is clearly a mere clerical error. Taking the whole record, it is plain it was intended to be " 1887." The first part of the sentence shows this. The error misleads no one, and furnishes no ground for quashing the complaint or arresting judgment.

*Exceptions overruled.*